Derbigny, J.
delivered the opinion of the court. The insolvents, being confined for debts, presented a schedule of their estate, and prayed for a meeting of their creditors, for the purpose of tendering to them a surrender of their *79 property ; that surrender was refused, upon an alegation that it was a fraudulent one. The counsel for the insolvents then took a rule on the creditors to shew cause why a syndic should not be appointed by the court; and on their not shewing cause, the court appointed for syn-dic the sheriff of the parish of New-Orleans, and ordered the insolvents to make an assignment of their property to him, in trust, for their creditors. The assignnie it was accordingly made, and the insolvents then prayed to be dis charged from imprisonment. From a refusal to discharge them, they appealed.
East'n District.
July 1817.
We think that the judge of the district court did not err in refusing the application of the appellants. Pending the accusation of fraud, it was not known whether they would be entitled to the benefits of the cession, one and the mos important of which is, the release of the debtor's body, and his future exemption from arrest for the debts heretofore contracted ; that benefit is the effect of a cession bona fide made. Here that, good faith was in question : and while it remained undecided, the appellants could not claim the benefits winch were in arise from it, when proved.
But the appellants thought that, since the judge had deemed it proper to appoint a syndic *80 ex officio, " with a view to the interest of all concerned." and to order an assignment of the debtors' property to be, made to that syndic: therefore, the business of the cession was at an end, and they might go at large. If such was to be the result of the appointment here made by the judge, there would be no hesitation in saying that it was an improper decree to be rendered under the circumstances of the case, because the effect of it would be to force the cession upon the creditors, a measure which is authorized by law only in cases of bona fide cessions. But we do not view that nomination as a step so decisive. It is evidently no more, than a conservatory act pending the suit on the question of fraud, and is well authorized by the sections 26 and 29 of the late law on voluntary surrenders.
As to the assignment which was ordered to be, made, and was accordingly made, to the syndic by the appellants, it is an act unknown to our laws in matters of cessions, and, as such, may be deemed a nullity in point of form : but as the power of syndics over the estate of the debtor, as they exist by law, are, fully as ample as those which may be exercised under an ex press transfer of the property by the debtor, and produce the same consequences, we do not *81 deem it equitable to disturb the present state of this case on account of a mere irregularity of form.
Livingston for the insolvents, Smith for the creditors.
It is, therefore, ordered, adjudged and decreed, that the judgment of the district court be affirmed with costs.